**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

**In re:**

| | |
|---|---|
| **NLC Energy Denmark LLC,** | **Case No. 25 -** |
| | **Chapter 11 Proceedings** |
| **Debtor.** | |

---

**NOTICE OF (i) COMMENCEMENT OF CHAPTER 11 BANKRUPTCY CASE, (ii) SUMMARY OF CHAPTER 11 PREPACKAGED PLAN OF REORGANIZATION, AND (iii) NOTICE OF COMBINED HEARING ON: (A) APPROVAL OF PREPETITION SOLICITATION PROCEDURES, (B) ADEQUACY OF INFORMATION DISCLOSED TO SOLICIT ACCEPTANCES OF THE PREPACKAGED PLAN, AND (C) CONFIRMATION OF PREPACKAGED PLAN OF REORGANIZATION**

---

**TO: ALL KNOWN CREDITORS OF NLC ENERGY DENMARK LLC, THE DEBTOR**

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE A CREDITOR OR OF THE DEBTOR. THIS NOTICE IS NOT A SOLICITATION OF YOUR VOTE IN CONNECTION WITH THE PLAN. VOTES HAVE PREVIOUSLY BEEN SOLICITED FROM ALL PARTIES ENTITLED TO VOTE UNDER THE PLAN**

**NOTICE IS HEREBY GIVEN AS FOLLOWS:**

**Commencement of the Chapter 11 Case**

On August 16, 2025 (the "Petition Date"), NLC Energy Denmark LLC (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Wisconsin (the "Bankruptcy Court"). On the Petition Date, the Debtor filed Prepackaged Plan of Reorganization dated August 14, 2025 (the "Plan") and a Disclosure Statement for Prepackaged Plan of Reorganization of NLC Energy Denmark LLC (the "Disclosure Statement).

The chapter 11 case and Plan are designed to be a prepackaged procedure that only restructures the debts of certain secured parties and The Board of Regents for the University of California ("UCal"). If you are not UCal or have already been advised of the chapter 11 case before this notice, the Debtor has taken steps to see that the bankruptcy case or Plan do not affect you.

Those steps include having your debt being paid in the ordinary course by the EEOC Property Holdings LLC. It owns the Debtor. You should continue to submit invoices to the Debtor, and it will see that EEOC Property Holdings timely pays all legitimate debts in the ordinary course. However, payment may not come from the Debtor but from EEOC Property Holdings. If you have any questions, you should reach out to your accounts payable contact at the Debtor for answers.

You may be a creditor of the Debtor. The filing of the bankruptcy case automatically stays certain collection and other actions against the Debtor and the Debtor's property. If you attempt to collect a debt or take other action in violation of chapter 11 of the Bankruptcy Code, you may be penalized. This notice provides important information concerning the chapter 11 case. Reaching out to your accounts payable contact at the Debtor with questions but not to demand payment or take other collection action is not stayed.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

## Exhibit A

All pleadings filed in the bankruptcy case, including the Plan and the Disclosure Statement, may be inspected at the Office of the Clerk for the Bankruptcy Court for the Eastern District of Wisconsin (the "Clerk's Office") at 517 E. Wisconsin Ave., Room 126, Milwaukee, WI 53202. In addition, all pleadings may be viewed at the following website: https://ecf.wieb.uscourts.gov/ if you have access to PACER. You may also request a copy of the Plan or Disclosure Statement from the Debtor's attorneys whose contact information is at the end of this notice.

**Summary of Prepackaged Plan of Reorganization[1]**

The Plan is a "prepackaged" plan of reorganization. The Plan provides for a restructuring of debt held by Senior Secured Lenders and payment of the claims of unsecured creditors that are not trade creditors whose claim exceeds $250,000 at a reduced amount. The Plan leaves unimpaired the rights of all other creditors. The restructuring will enhance the financial stability of the Debtor when it emerges from chapter 11.

**UNDER THE PLAN, IF CONFIRMED AS FILED, ALL CREDITORS' CLAIMS, (EXCEPT THOSE OF THE SENIOR SECURED LENDERS AND UNSECURED CLAIMS THAT ARE NOT TRADE CLAIMS AND EXCEED $250,000) WILL BE PAID IN FULL**

Votes on the Plan were solicited prior to the Petition Date from Class 1, 3 and 4. Class 2 (Trade Claims less than $250,000) are not impaired. The following chart summarizes the treatment provided by the Plan to each Class of Claims and Interests, and indicates whether each Class was entitled to vote on the Plan:

| Class | Designation | Impairment | Entitled to Vote | Expected Recovery |
|---|---|---|---|---|
| Class 1 | Senior Secured Lender Claims | Impaired | Yes | $20 million with interest on its Series A1 Note and up to $55 million with interest on its Series A2 Note if the business is sold |
| Class 2 | Trade Creditor Claims (less than $250,000) | Unimpaired | No | 100% |
| Class 3 | Unsecured Creditors (more than $250,000) | Impaired | Yes | .5% |
| Class 4 | Equity Securities | Impaired | Yes | 100% |

**Discharges, Exculpation, Releases and Injunctions**

. The Plan contains certain discharge, exculpation, releases and injunction provisions as stated in the Plan and on the Addendum 1 attached to this notice.

**Hearing on Approval of Prepetition Solicitation Procedures, Adequacy of the Disclosure Statement and Confirmation of the Plan**

The hearing to approve solicitation procedures utilized in connection with the prepetition solicitation of votes to accept or reject the Plan, adequacy of the Disclosure Statement, and confirmation of the Plan has been scheduled for September [30], 2025, before the Honorable [name], at the United States Bankruptcy Court for the Eastern District of Wisconsin, 517 East Wisconsin Avenue, Room ___, Milwaukee, Wisconsin 53202 at [10:00 a.m.] CDT (the "Confirmation Hearing").

[1] The statements in this notice are summaries of the provisions contained in the Plan and the Disclosure Statement, and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referenced in the Plan or Disclosure Statement. To the extent there is a discrepancy between the terms in this notice, and the Plan or the Disclosure Statement, the Plan or the Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

## Exhibit A

The Confirmation Hearing may be adjourned or otherwise rescheduled from time to time without further notice other an announcement of the adjourned date or dates in open court or at the Confirmation Hearing, and notice of an adjourned date(s) will be available on the electronic case filing docket accessible at https://www.wieb.uscourts.gov/. The Disclosure Statement and the Plan may be further modified, if necessary, pursuant to § 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, without notice to interested parties.

**Any objections to the adequacy of the Disclosure Statement or confirmation of the Plan must:**

(a) be in writing;

(b) comply with Bankruptcy Rules, local rules and other rules, procedures and orders of the Bankruptcy Court;

(c) state the name and address of the objecting party and nature and amount of any claim or interest asserted by the objecting party against the Debtor's estate or property of the Debtor;

(d) state with particularity the legal and factual basis for the objection;

(e) be filed with the Clerk's Office (address above) together with proof of service of the objection;

(f) be served by personal service, overnight delivery or U.S. mail so that the objection is **actually received** no later **September 12, 2025** by (i) General Chapter 11 Counsel to the Debtor, Kerkman & Dunn, 837 N. Jefferson St., Suite 400, Milwaukee, WI 53202-3744, and (ii) Office of the United States Trustee, 517 E. Wisconsin Ave., Suite 430, Milwaukee, WI 53202; and

(g) if you file an objection, you or your attorney must also attend the Confirmation Hearing and argue your objection to the Court.

**Unless an objection is timely filed and served in accordance with this notice, it may not be considered by the Bankruptcy Court.**

**Meeting of Creditors Under Section 341 of the Bankruptcy Code**

Presently, no meeting of creditors under section 341(a) of the Bankruptcy Code (the "341 Meeting") is scheduled. The Debtor requested that the 341 Meeting be postponed pending confirmation of the Plan. If the 341 Meeting us scheduled by the United States Trustee, you will receive a separate notice of the meeting.

Dated: August [22], 2025.

*/s/ Jerome R. Kerkman*
Jerome R. Kerkman

Kerkman & Dunn
Proposed Attorneys for the Debtor

Contact Information:

839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com

## Exhibit A

### Addendum 1
### Discharges, Exculpation, Releases and Injunctions

The Plan provides as follows at Section 9.4:

***Exculpation.*** Except as otherwise expressly provided by the Plan or the Confirmation Order or other Final Order of the Bankruptcy Court, on the Effective Date, ***the Exculpated Parties and each of their respective agents, representatives, successors and assigns, shall be deemed released and exculpated from any claims, obligations, rights, causes of action and liabilities for any act or omission in connection with, or arising out of, the Case, including the formulation, dissemination and pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan,*** except for acts or omissions that constitute willful misconduct, gross negligence or fraud, and all such Persons, in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan and under the Bankruptcy Code

The Plan provides as follows at Section 9.5:

***Limited Releases.*** Except as otherwise expressly provided or contemplated in the Plan or the Confirmation Order, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, and in consideration of the services of and other forms of consideration being provided by the Released Parties, ***the Debtor, the Debtor's chapter 11 estate and the Reorganized Debtor shall release, waive and discharge unconditionally and forever each of the Released Parties from any and all Claims***, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Petition Date in connection with or relating to the Debtor or any of its direct or indirect subsidiaries; and (ii) in connection with, related to, or arising out of this Chapter 11 Case, the formulation, dissemination or pursuit of confirmation of the Plan, the consummation thereof, the administration thereof or the property to be distributed thereunder; provided that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct or the gross negligence of any Released Party unless such Released Party acted in good faith and in a manner that such Released Party reasonably believed to be in or not opposed to the best interests of the Debtor, and with respect to any criminal action or proceeding, had no reasonable cause to believe such Released Party's conduct was unlawful; provided, however, that the foregoing shall not operate as a waiver or release of any rights or obligations arising from and after the Effective Date in respect of any agreements expressly entered into or reaffirmed hereunder as of or following the Effective Date