**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

**In re:**

**NLC Energy Denmark LLC,**

**Debtor.**

**Case No. 25 -**
**Chapter 11 Proceedings**

---

**[Proposed] STIPULATED ORDER BETWEEN DEBTOR AND SENIOR SECURED LENDERS (i) TO MODIFY THE AUTOMATIC STAY TO FUND ESCROW RESERVES AND MAKE ADEQUATE PROTECTION PAYMENTS TO SENIOR SECURED LENDERS, (ii) TO PERMIT THE DEBTOR'S USE OF CASH COLLATERAL, AND (iii) TO PROVIDE ADEQUATE PROTECTION TO SENIOR SECURED LENDERS**

---

This matter came before the Court on the motion of NLC Energy Denmark LLC (the "Debtor"), pursuant to § 362(a) and § 363(c), to approve a stipulated order with the Senior Secured Lenders[1] and Wells Fargo (i) to modify the automatic stay to fund escrow reserves and make adequate protection payments to the Senior Secured Lenders, (ii) to permit the Debtor's use of cash collateral, and (iii) to provide adequate protection to the Senior Secured Lenders. Notice of the motion with an opportunity to object was given. No objections were filed. Accordingly,

[1] Unless otherwise defined, all defined terms have the meaning ascribed to them in the Prepackaged Plan of Reorganization of NLC Energy Denmark LLC that was filed on the Petition Date.

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[2]

A. Jurisdiction. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 16, 2025 (the "Petition Date"). An order for relief was entered on the same day. The Debtor continues to manage its business and affairs as a debtor-in-possession under §§ 1107 and 1108 of the Bankruptcy Code. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and § 157(a), and the order of reference in this district entered pursuant to § 157(a). Venue is proper under 28 U.S.C. § 1408(1) because the Debtor has its principal assets in this district and is a Wisconsin limited liability company. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (M). It concerns the administration of the Debtor's estate and the Debtor's use of cash collateral.

B. Notice. The Debtor served notice of the motion and this proposed stipulated order on each entity with an interest in the cash collateral, the Senior Secured Lenders, the 20 largest creditors, UCal and the United States trustee. The notice provide that objections must be filed within 14 days of service as required under Fed. R. Bankr. P. 4001(b)(2). No objection to the motion was timely filed.

C. Cash Collateral. For purposes of this Order, the term "Cash Collateral" shall be deemed to include, without limitation, all of the Debtor's "Cash Collateral" as defined under section 363 of the Bankruptcy Code in which the Senior Secured Lenders asserts valid, perfected security interests, liens, mortgages, and shall include and consist of, without limitation, all rents, fees, charges, accounts and other payments made to the Debtor.

[2] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact pursuant to Fed. R. Bankr. P. 7052.

D. Necessity of Relief Requested and Good Cause. Good cause has been shown for the entry of this Order. The Debtor has an immediate need to use Cash Collateral to, among other things, fund the orderly continuation of its business and maintain its properties, and pay its operating expenses, which will preserve the going concern value. Absent granting the relief sought in this Order, the Debtor's estate would be immediately and irreparably harmed. The use of Cash Collateral in accordance with this Order is therefore in the best interests of the Debtor, its estate, its creditors and other parties in interest.

IT IS ORDERED that:

1. The Motion is GRANTED as set forth herein. Any objection to the relief requested on the Motion to the extenst not withdrawn or resolved is hereby overruled on the merits.

2. The automatic stay is modified so that Wells Fargo can continue to fund Escrowed Reserves and make payments to the Senior Secured Lenders and other costs and expenses as stated in the Petition Documents as adequate protection.

3. The Debtor may use Cash Collateral, subject to the terms and conditions of this Order and solely for the purposes of (i) operating and maintenance costs of the Debtor, including taxes, utilities, and insurance, (ii) all costs and expenses, including any reasonable counsel fees, costs of, and compensation to Wells Fargo or other agents of the Senior Secured Lenders incurred after or before the Petition Date, and (iii) all adequate protection payments to the Senior Secured Lenders.

4. The Debtor will not use Cash Collateral to pay fees, costs or expenses due to the chapter 11 filing, including professional fees or U.S. trustee fees.

5. The following adequate protection is granted to the Senior Secured Lenders and

Wells Fargo, as Collateral Trustee:

(a) *Replacement Liens.* The Senior Secured Lenders and Wells Fargo are granted replacement liens of the same priority, to the same extent and in the same types and classes of collateral on which the Senior Secured Lenders and Wells Fargo held a lien immediately before the Petition Date (the "Replacement Liens"). The Replacement Liens are deemed automatically perfected upon entry of this Order without the necessity of the Senior Secured Lenders or Wells Fargo taking possession, filing financing statements, mortgages or other documents; provided, however, that the Debtor will execute any necessary perfection documents upon the request of the Senior Secured Lenders or Wells Fargo. The Senior Secured Lenders may not improve their secured position after the Petition Date due to the Replacement Liens.

(b) *Extension of Prepetition Liens*. The perfected liens of the Senior Secured Lenders and Wells Fargo will extend to the collateral under the Replacement Liens, and the products and proceeds thereof pursuant to § 552(b) of the Bankruptcy Code.

(c) *Reporting.* The Debtor will provide reports of its receipts and distributions consistent with the monthly reporting requirements for chapter 11 cases as determined by the Court.

(d) *Adequate Protection Payments*. The Debtor will continue making the payments as required under the Prepetition Documents to the Senior Secured Lenders, as supplemented by the Side Agreement, commencing after entry of the order approving this motion and continuing as provided in the Prepetition Documents. They will be made from funds received by Wells Fargo from the Debtor's customers and contractual counterparties and, if necessary, as funded by equity holder of the Debtor.

(e) *Insurance.* The Debtor will continue to maintain general property and

liability coverage consistent with its coverage before the Petition Date and requirements under the loan documents with Wells Fargo that existed as of the Petition Date with respect to its collateral.

(f) *Other*. The Debtor will comply with all non-monetary terms of the Prepetition Documents except solvency-related covenants, and to the extent a term conflicts with any Court Order or other provisions contrary to the Code.

(g) Prior to this Order being entered, the Debtor shall hold all funds in its Operating Account or the Wells Fargo Escrow Account, as applicable, until this Order is entered.

6. The provisions of this Order shall be binding upon all parties in interest in the chapter 11 case. The Order shall bind any trustee hereafter appointed or elected for the Debtor's estate whther in the Chapter 11 case or in the event of conversion to a case under Chapter 7 of the Bankruptcy Code.

7. The Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon the entry thereof. To the extent any findings of fact are determined to be conclusions of law, such findings shall be adopted as such; and to the extent any conclusions of law are determined to be findings of fact, such conclusiions shall be adopted as such.

8. This Order is effective as of the Petition Date and shall terminate upon a trustee being appointed, the Debtor's chapter 11 case being dismissed, the entry of an order confirming a plan of reorganization, or further order of the Court.

9. The Senior Secured Creditors may seek expedited relief for adequate protection if the Debtor breaches any of the provisions set forth herein or if the Debtor's financial situation deteriorates or is in danger of deteriorating.

# # # # #