**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

**In re:**

**NLC Energy Denmark LLC,**

**Debtor.**

**Case No. 25-24634-kmp**
**Chapter 11 Proceedings**

---

# DECLARATION OF WELLES HATCH IN SUPPORT OF CONFIRMATION OF THE DEBTOR'S PREPACKAGED PLAN OF REORGANIZATION DATED AUGUST 14, 2025, AS MODIFIED

---

I, Welles Hatch, declare under 28 U.S.C. § 1746, that the following is true to the best of my knowledge, information and belief:

1. I am the Chief Financial Officer and Treasurer for NLC Energy Denmark LLC (the "Debtor"). I have a B.A. from the University of Massachusetts at Amherst and an M.B.A. in international business finance from The George Washington University. My experience includes 20 years of commercial banking and managing reorganizations, recapitalizations, startups and re-starts for several growth stage companies in the New England area.

2. The facts stated in this declaration are from my personal knowledge, the business records of the Debtor or within my knowledge as an officer of the Debtor.

3. The Debtor is current with its obligations on the unexpired leases and executory contracts that are being assumed under the Prepackaged Plan of Reorganization dated August 14, 2025, filed as ECF No. 9, as modified on October 17, 2025, and filed as ECF No. 77 (the "Plan").

4. After the Plan is confirmed, Douglas Blough will continue as the managing member, and will govern and control the Debtor. Mr. Blough will receive no compensation from the Debtor for his services. The "outside" managing member for the Debtor is William Hutchinson.

Mr. Hutchinson will continue as the outside managing member. He is being compensated for his services at the rate of $500 per hour. There are no other insiders being employed by the Debtor after the confirmation of the Plan.

5. No governmental regulatory commission must approve rates charged by the Debtor.

6. The Debtor's rejecting the UCal Contract[1] permits the Debtor to realize market prices for its product. The combination of the rejection of the UCal Contract and reduction of the Debtor's debt service payments to the Senior Secured Lenders permits the Debtor to operate profitably on a cash basis by 2027.

7. The Debtor's quarterly financial statements that were filed as ECF No. 87-1 at page 9 show that the Debtor did not meet its projections. This was due to the projections being prepared and assumptions made in July 2025 not being met. The assumptions assumed that the UCal Contract would be rejected sooner. However, the Petition Date was delayed so the effect of the rejection was delayed. The original projections assumed the interest expense would be reduced sooner. But again, due to the delay in filing, it was not.

8. The Equity Securities holder, EEC Property Holdings LLC, or its parent entity, NLC Energy LLC, have already shown its ability to fund the Debtor's operations. Through June 30, 2025, they have provided funds of $57,637,498 as debt and $7,506,734 as equity, as shown on Exhibit 2, at page 21 of the Disclosure Statement filed as ECF No. 10. In the 12 months before September 30, 2025, the Equity Security holder or NLC Energy LLC have provided more than $15 million in funds as shown on the quarterly financial statements filed as ECF No. 87-1 at page 15. From July 1 through September 30, 2025, the Equity Security holder or NLC Energy LLC

[1] Unless otherwise stated, all defined terms have the definitions given them in the Plan.

have provided $4,107,355 in funds as shown on the quarterly financial statements filed as 87-1 at page 22. The Senior Secured Lenders, who have the most at stake in the case and have a long history of the Debtor have not raised feasibility as a concern.

9. The Debtor paid fees due the U.S. Trustee, which my lawyers tell me is pursuant to 28 U.S.C. § 1930. However, an issued was raised as to whether the amount was correctly calculated. We are reviewing it with the Debtor's lawyers, Kerkman & Dunn. The Debtor will pay any additional amounts owed to the U.S. Trustee as they the amount is finalized or they become due.

10. The Debtor does not have any obligations that are retiree benefits.

11. The Debtor entered the settlement with UCal that was incorporated into the Plan for several reasons. The Debtor faced potentially protracted litigation with UCal over the amount of its claim that could have led to a contested confirmation hearing. Protracted litigation would be harmful to the Debtor's business. First, the delay in confirmation of the Plan and its Effective Date would delay reduction in obligations to the Senior Secured Lenders. The reduction in obligations is effective upon the Plan's Effective Date occurring. Additionally, the Debtor's business requires skilled employees. The longer the Debtor is in chapter 11, the more likely there will be problems retaining skilled employees. Finally, creditors would likely have become apprehensive, and the uncertainty of the proceedings will cause issues with suppliers and vendors.

12. Financially, the Debtor projects that it would save at least $50,000 from the settlement then from continued litigation, assuming no litigation risk and a complete success by the Debtor. Below is the Debtor's calculation used to reach the $50,000. If the uncertainty of litigation is factored in, the savings are even higher.

| Estimated Exposure Amounts | Settlement | Litigation |
|---|---|---|
| Stand By Letter of Credit | $ (550,000) | $ (550,000) |
| *Existing collateral, posted and funded. Paid to lenders if not paid to UC* | | |
| UC Portion of Creditor Pool | $ - | $ (5,000) |
| *Established at $500K as part of Plan; bulk to go to Cedar Holdings and NLC Energy LLC* | | |
| Pre and Post Petition Balances | $ (444,187) | $ (131,117) |
| *Add addt'l month to Sales and Penalties* | | |
| Foregone Market Rate on HSW for Addt'l Month | | $ (253,339) |
| Estimated Addt'l Litigation Expense | | |
| Kerkman & Dunn | | $ (50,000) |
| Chapman | | $ (50,000) |
| | | |
| **Total Estimated Exposure** | $ (994,187) | $ (1,039,456) |

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

Dated: November 7, 2025.

*/s/ Welles C. Hatch*
Welles C. Hatch

<u>Drafted by</u>:

Jerome R. Kerkman
Kerkman & Dunn
839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com