**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

**In re:**

**NLC Energy Denmark LLC,** **Case No. 25-24634-kmp**
**Chapter 11 Proceedings**

**Debtor.**

---

**DECLARATION OF JEROME R. KERKMAN IN SUPPORT OF CONFIRMATION OF THE DEBTOR'S PREPACKAGED PLAN OF REORGANIZATION DATED AUGUST 14, 2025, AS MODIFIED**

---

I, Jerome R. Kerkman, declare under 28 U.S.C. § 1746, that the following is true to the best of my knowledge, information and belief:

1. I am a lawyer admitted to practice before this Court. I represent NLC Energy Denmark LLC (the "Debtor") in this case.

2. The facts stated in this declaration are from my personal knowledge or the documents filed in this case with the Court.

3. This declaration is in support of the Debtor's motion to confirm the Prepackaged Plan of Reorganization dated August 14, 2025, filed as ECF No. 9, as modified on October 17, 2025, and filed as ECF No. 77, and further modified as stated in the proposed confirmation order that is filed with this declaration (with all modifications, the "Plan").[1] The Debtor requests the proposed order confirming the Plan be entered without a hearing.

4. The last date for a ballot to be returned in this case was October 24, 2025, according to ECF No. 82, ¶ 2. The last date for parties that had accepted the Plan to change their acceptance due to the Debtor modifying the Plan was November 7, 2025, according to ECF Nos. 76-2, 81.

---

[1] Unless otherwise stated, all defined terms have the definitions given them in the Plan.

Neither my office nor I have been notified that anyone has changed their vote from accepting the Plan to rejecting the Plan.

5. The Active Participants have waived their ability to object to confirmation of the Plan. The waiver for UCal is attached to this declaration as Exhibits 3. Amanda Hoffman of Chapman and Cutler LLP and one of the attorneys for the Senior Secured Lenders authorized me on November 7, 2025, to state that the Senior Secured Lenders have no objection to confirmation of the Plan with the modifications to Sections 9.4 and 9.5 of the Plan in order to provide that the exculpation and releases only affect the Debtor and its agents, etc. and not the Senior Secured Lenders.

6. Subsequently, the Senior Secured Lenders, Wells Fargo, the Debtor and Blough entered into the First Amendment to Restructuring Side Agreement. The First Amendment is attached to Addendum 4.5(J) at pages 231-240. The purpose of the First Amendment was to address the Plan modifications at Sections 9.4 and 9.5 filed on October 17, 2025, and incorporated into the Plan filed as ECF No. 77 that eliminated the exculpation and releases of the Senior Secured Lenders and Wells Fargo under the Plan. Effectively, the First Amendment required Blough to provide protection that Sections 9.4 and 9.5 provided in the form of an indemnification by him.

7. In an email received on November 7, 2025, Dave Asbach, the Assistant U.S. Trustee, stated: "But you have my permission to represent to the court that the UST has no objection to confirmation under the terms of the revised plan and confirmation order (revising the exculpated parties' language)." The "revised plan and confirmation order" referred to by Mr. Asbach are the same ones filed with the Court with this declaration except for the addition of the First Amendment to the Side Letter and language in the confirmation order relating to the First Amendment. The First Amendment only relates to the parties that explicitly agreed to it as shown

by their signatures on the First Amendment. It does not provide for non-debtor releases, so I do not believe this is an issue for the UST.

8. The provisions of the Plan were negotiated with and scrutinized by the Debtor's creditors and equity security holder. All provisions of the Plan are consistent with their interests.

9. Every claimholder in Classes 1 and 3 has returned a ballot accepting the Plan and the sole Equity Securities holder has returned a ballot accepting the Plan. There are no impaired claimholders or interest holders who were impaired and did not return a ballot.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

Dated: November 26, 2025.

*/s/ Jerome R. Kerkman*
Jerome R. Kerkman

Drafted by:

Jerome R. Kerkman
Kerkman & Dunn
839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com

# Exhibit 3

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

**In re:**

**NLC Energy Denmark LLC,** | **Case No. 25-24634-kmp**
**Chapter 11 Proceedings**

**Debtor.**

---

**WAIVER OF OBJECTION TO CONFIRMATION OF THE DEBTOR'S PREPACKAGED PLAN OF REORGANIZATION DATED AUGUST 14, 2025, AS MODIFIED BY THE REGENTS OF THE UNIVERSITY OF CALIFORNIA**

---

The Regents of the University of California ("UCal") waives its ability to object to confirmation of the Debtor's Prepackaged Plan of Reorganization dated August 14, 2025, as modified, which was filed as ECF No. 77 (the "Plan"). Also, UCal has reviewed the proposed confirmation order filed with this waiver and has no objection to the form of the order.

The Second Amended Prepack Scheduling Order on October 21, 2025 (ECF No. 82) (the "Scheduling Order") sets dates relating to confirmation of the Plan. The initial scheduling order provided a deadline of September 12, 2025, to file objections to confirmation of the Plan. (ECF No. 34, ¶ 3.) Later, the deadline was extended for certain parties to object to confirmation with November 7, 2025, as the final date for all objections, except UCal, the Senior Secured Lenders (as defined in the Plan), and the U.S. Trustee, which had until December 1, 2025, to object to confirmation of the Plan. (ECF No. 82, ¶ 3.)

The December 1, 2025, date was to ensure that all details of the settlement with UCal were reached. They have been and therefore there is no need for the extended deadline to object to confirmation of the Plan.

Accordingly, UCal waives its ability to object to confirmation of the Plan and has no objection to the form of the proposed order confirming the Plan.

# Exhibit 3

Dated: November 7, 2025.

*<u>/s/ Matthew R. Higgins</u>*

Gordon E. Gouveia
Matthew R. Higgins
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Phone: 312.517.9200
Facsimile: 312.517.9201
Email: mhiggins@foxrothschild.com

<u>Drafted by</u>:

Jerome R. Kerkman
Kerkman & Dunn
839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com