**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

**In re:**

| | |
|---|---|
| **NLC Energy Denmark LLC,** | **Case No. 25-24634-kmp**<br>**Chapter 11 Proceedings** |
| **Debtor.** | |

---

**COVER SHEET FOR FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES OF KERKMAN & DUNN**

---

| | | |
|---|---|---|
| NAME OF APPLICANT: | | Kerkman & Dunn |
| NAME OF CLIENT: | | NLC Energy Denmark LLC |
| PERIOD COVERED: | Entire Case | August 16, 2025, through December 8, 2025 |
| TYPE OF APPLICATION: | | _____ Monthly ____ Interim __X__ Final |

## SECTION I: FEE SUMMARY

Pursuant to Local Rule 2016(a)(6)(A), this is the first and final fee application of Kerkman & Dunn.

| | To Date | Current Period |
|---|---|---|
| Total Fees Previously Allowed and Now Requested: | $ 0.00 | $ 63,641.00 |
| Total Disbursements Previously Allowed and Now Requested: | $ 0.00 | $ 659.69 |
| Total Fees and Disbursements: | $ 64,300.69 | $ 64,300.69 |
| | | |
| Total Previously Paid: | $ 0.00 | N/A |
| | | |
| Total to be Paid: | $ 64,300.69 | $ 64,300.69 |

## SECTION II: EXPENSE SUMMARY

The following is a summary of disbursements and expenses by case entire case, August 16, 2025 through December 8, 2025. A detailed breakdown of the expenses for the period as required by LR 2016(a)(4), is on the last page of **Exhibit A**.

**Total Expenses**

| | | Charged |
|---|---|---|
| a. | Photocopying | $ 81.80 |
| b. | Mailing | $ 518.79 |
| c. | PACER Charges | $ 2.10 |
| d. | Postage | $ 59.20 |
| | **Total** | **$ 659.69** |

## SECTION III: ATTORNEY/PARALEGAL SUMMARY

The following is a list of all attorneys, professionals, paraprofessionals or other timekeepers performing services on the case, the total time expended by each timekeeper for the Current Period, the length of professional practice and the billing rates for each timekeeper. Attached as **Exhibit B** is a description of the experience for each timekeeper.

| August 16, 2025, through November 26, 2025 | | | | |
|---|---|---|---|---|
| Timekeeper | Year Admitted/Length of Prof. Practice | Hours Expended | Hourly Billing Rates | Amount Charged by Timekeeper |
| Partner Level | | | | |
| Jerome R. Kerkman (JRK) | 1984 | 103.7 | $ 575.00 | $ 59,627.50 |
| Evan P. Schmit (EPS) | 2008 | 0.7 | $ 495.00 | $ 346.50 |
| Associate Level | | | | |
| Nicholas W. Kerkman (NWK) | 2019 | 4.6 | $ 295.00 | $ 1,357.00 |
| Tyler M. Jones (TMJ) | 2024 | 8.4 | $ 275.00 | $ 2,310.00 |
| Paraprofessional Level | | | | |
| Legal Assistants | N/A | 11.2 | $ 125.00 | $ 1,280.00 |
| Totals/Average | | 117.4 | $ 542.00 | $ 63,641.00 |

Records detailing each timekeeper's time spent during the Fee Period required by LR 2016(2)(A) – (C), are attached as **Exhibit A.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

**In re:**

| | |
|---|---|
| **NLC Energy Denmark LLC,** | **Case No. 25-24634-kmp** |
| | **Chapter 11 Proceedings** |
| **Debtor.** | |

---

**FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES OF KERKMAN & DUNN**

---

Kerkman & Dunn ("K&D"), as general chapter 11 bankruptcy counsel for NLC Energy Denmark (the "Debtor"), applies for the final allowance and payment of fees of $63,641.00 and expenses of $659.69 for a total of $64,300.69 from August 16, 2025, through December 8, 2025 (the "Fee Period"). In support of K&D's final application, K&D states:

**Jurisdiction**

1. On August 16, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Code"). An order for relief was entered on the same day. The Court entered an order confirming the Debtor's plan of reorganization on December 8, 2025 (the "Confirmation Date"). (ECF No. 97.) Between the Petition Date and Confirmation Date, the Debtor has operated as a debtor-in-possession.

2. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and the order of reference in this district.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2)(A) as a matter regarding the administration of the Debtor's estate.

## General Background

4. The Debtor filed its application to retain K&D as his general counsel on August 16, 2025. (ECF No. 17.) On September 12, 2025, the Court entered an order authorizing the Debtor to employ K&D effective as of August 16, 2025, pursuant to § 327 of the Code. (ECF No. 59.)

## Summary of Services Provided

6. K&D rendered 248.3 hours of legal services in the representation of the Debtor during the Fee Period. Based on the nature of the 117.4 hours of services rendered, the time required, the value of the services to the Debtor and the estate, and the cost of comparable services other than in a case under the Code, the compensation for these services should not be less than $63,641.00. This total represents 117.4 hours of K&D professional time, at an average hourly rate of $542.00. The hourly rate for each professional that performed services for the Debtors are set forth in the Cover Sheet.

7. The experience of each timekeeper is described on the attached **Exhibit B.**

## Legal Standards

8. Section 330(a) provides that the Court may award:

> (1) reasonable compensation for actual, necessary services rendered by such . . . professional person . . . and by any paraprofessional person employed by such . . . professional person . . . based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a case under this title; and
>
> (2) reimbursement for actual, necessary expenses.

9. The lodestar method is customarily the primary, but not exclusive, method of calculating appropriate fees. *See In re Hutter Construction Co., Inc.*, 126 B.R. 1005, 1010-1011 (Bankr. E.D. Wis. 1991). It is generally the starting point, which multiplies an hourly rate by the

number of hours worked. From the initial lodestar amount, the Court reviews the *Johnson* factors.[1] *Id.* at 1021.

10. In utilizing the lodestar method, the total hours spent during the case were 117.4. The total compensation sought is $63,641.00. The result is a blended rate of $542.00 per hour.

11. The hourly rate charged for professional time ranges from $275 to $575 per hour. K&D believes that these rates are on the low end of the reasonable range of fees in the Milwaukee area for comparable legal services.

12. In reviewing the *Johnson* factors, K&D's request for compensation should not be adjusted:

(a) *The Time and Labor Required*. The hours expended were necessary for the administration of the Debtor's estate. This factor supports the fee requested.

(b) *The Novelty and Difficulty of the Issues*. The main issues in the case pertained to a supply contract with the Board of Regents for the University of California ("UCal"). The contract had a liquidated damages clause, and the amount could have potentially upended a consensual plan. K&D was able to negotiate and set up the plan that resulted in UCal eventually voting to accept it.

(c) *The Skill Required*. K&D believes that the skill required of it was high and that the firm has provided highly skilled representation to the Debtor. There were many issues that could have delayed the case and the strategy regarding settlement offered in the Plan to UCal resulted in no litigation and a settlement. This factor supports the fee requested.

(d) *Preclusion of Other Employment*. The demands of properly handling this case did not preclude K&D to work on this case instead of other cases. This factor does not impact the fee requested

---

[1] *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974).

(e) *Customary Fee*. The hourly rates are the amounts K&D customarily charges and are consistent with, or below, market rates in the Milwaukee area. This factor supports the fee requested.

(f) *Whether the Fee is Fixed or Contingent*. The fee charged was hourly. The Debtor has the ability to pay the fees of K&D. This factor does not impact the fee requested.

(g) *Time Limitations Imposed*. This case has not imposed particularly stringent time limitations. The parties, and Court, were agreeable to extensions as necessary to properly address the merits of the issues. This factor does not impact the fee requested.

(h) *Amount Involved and Results Obtained.* The stakes for the Debtor were high. The Senior Secured Lenders had claims totaling more than $75 million. UCal potentially had a claim of $63 million. The principals of the Debtor were funding the losses at the rate of $1 million per month. The confirmed consensual plan was a very good result. UCal was paid more than it would have been paid if a settlement had not been reached, or the case was converted to a chapter 7 liquidation. The Senior Secured Lenders likewise received more than they would have received in a chapter 7 liquidation. The Debtor's business and employment of employees continue. K&D focused the issues on an efficient resolution. This factor supports the fee requested.

(i) *The Experience, Reputation, and Ability of the Attorneys.* We believe that our experience, reputation, and ability are excellent.

(j) *The Undesirability of the Case*. This case was desirable. This factor does not impact the fee requested.

(a) *The Nature and Length of Relationship*. K&D has never represented the Debtor before being consulted regarding this case. This factor supports the fee requested.

(k) *Awards in Similar Cases*. K&D believes the total amount requested is appropriate given what has been awarded in comparable cases and is likely on the low end of fees. This factor supports the fee requested.

(l) K&D submits that a similar analysis with any of the other recognized methods of fee computation would likewise support the amount of compensation requested.

**Required Statements and Disclosures**

13. No agreement or understanding exists between K&D and any other person for a sharing of compensation received or to be received for services render in or in connection with the Debtor's chapter 11 case, nor shall K&D share or agree to share the compensation paid or allowed from the Debtor's estate for such services with any other person.

14. The foregoing constitutes the statement of K&D pursuant to § 504 of the Code and Fed. R. Bankr. P. 2016(a).

15. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by K&D. This application is filed pursuant to §§ 330 and 331 of the Code.

**Conclusion**

For the reasons stated, K&D requests approval of (i) its total fees of **$63,641.00** and expenses of **$659.69** for the entire case Augst 16, 2025 through December 8, 2025, a cumulative total of **$64,300.69** and (ii) the Court grant such other relief as may be just.

Dated: December 10, 2025.

*/s/ Jerome R. Kerkman*
Jerome R. Kerkman
Nicholas W. Kerkman
Kerkman & Dunn, Applicant and
Attorneys for the Debtor

P. O. Address:

839 N. Jefferson St., Suite 400
Milwaukee, WI 53202
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: nkerkman@kerkmandunn.com