**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

**In re:**

**NLC Energy Denmark LLC,**

**Debtor.**

**Case No. 25-24634-kmp**
**Chapter 11 Proceedings**

---

**DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE CLOSING ITS CASE**

---

NLC Energy Denmark LLC (the "Debtor") moves for entry of a final decree closing its case pursuant to § 350 of the Bankruptcy Code and Fed. R. Bankr. P. 3022. In support of this motion, the Debtor is filing the Declaration of Welles Hatch and the Chapter 11 Final Report, and states as follows:

**Jurisdictional Basis**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the order of reference filed in this district entered pursuant to § 157(a).

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) as a matter regarding the administration of the Debtor's estate.

**Factual Basis for Motion**

3. On August 16, 2025, the Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code (the "Code").

4. On December 8, 2025, the Court entered the Order confirming the plan of reorganization for the Debtor. (ECF 97.) No appeal of the confirmation order has been filed.

5. The effective date of the plan occurred on January 20, 2026. (ECF No. 113.)

6. The Debtor has made all payments due under the plan on or before January 28,

2026. (Hatch Declaration (filed with this motion), ¶¶ 5 - 11.) The Debtor executed all amended loan documents with the Senior Secured Lenders, as defined in the confirmed plan, before January 20, 2026. (Hatch Declaration, ¶¶ 3, 4.)

7. The Debtor is current with its fees due the U.S. Trustee and will pay the amounts due throughout the entry of the order closing the case. (Hatch Declaration, ¶ 12.)

8. There are no remaining or pending motions or contested matters related to this case.

**Notice of the Motion**

9. Notice of this motion is being served on the entire mailing matrix in this case with an opportunity to object as provided in LR 9014-1(a)(2)(A). (Certificate of Service to be filed.)

**Legal Basis**

10. Fed. R. Bankr. P. 3022 and § 350 of the Bankruptcy Code provide that a final decree shall be entered upon the motion of a party in interest when the estate has been fully administered. Courts interpreting the meaning of "fully administered" have relied upon the 1991 Advisory Committee Note to Fed. R. Bankr. P. 3022 which sets forth the following factors:

> i) whether the order confirming the plan has become final, ii) whether deposits required by the plan have been distributed, iii) whether the property proposed by the plan to be transferred has been transferred, iv) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, iv) whether payments under the plan have commenced, and vi) whether all motions, contested matters, and adversary proceedings have been finally resolved.

11. The factors are not exhaustive, and all factors do not need to be present for a determination that the estate has been fully administered. *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). The determination is made on a case-by-case basis and the court in

which the case is pending is in the best position to decide whether a final decree is appropriate. *In re Union Home and Indus., Inc.*, 375 B.R. 912, 917 (Bankr. 10th Cir. 2007).

12. The wide grant of discretion to the individual courts is further recognized in the Editors' Comment that "the Advisory Committee interprets 'fully administered' very loosely and encourages courts to use substantially more discretion in deciding whether to close a Chapter 11 case than Code § 350 and the Rule literally read." Fed. R. Bankr. 3022 ed. cmt. The entry of the final decree is more akin to an administrative task than substantive issue. *In re Gould*, 437 B.R. 34, 37 (Bankr. D. Conn. 2010); citing to *In re Fibermark, Inc.* 369 B.R. 761, 765, 767 (Bankr.D.Vt.2007) (The confirmation order "…signal[s] the legal conclusion of [a] case," and "is generally regarded as the final court determination in a chapter 11 case," while the final decree "simply delineates on the docket that the case is closed; it represents the administrative conclusion of a case for record keeping purposes.").

13. Rule 3022 does not even require that a chapter 11 case "be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan" or statutory fees paid. *In re Gould*, 437 B.R. 34, 37 (Bankr. D. Conn. 2010); citing to *In re Jay Bee Enterprises, Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

**Analysis of Legal Basis**

14. As applied to the Debtor's case, the factors support finding that the Debtor's estate has been fully administered.

15. On December 8, 2025, the Court entered the order confirming the plan. The confirmation order has not been appealed.

16. All transactions contemplated to occur under the plan have occurred.

17. All administrative expenses have been paid or are being paid in the ordinary course of the Debtor's business.

18. All distributions to general unsecured creditors under the plan have been paid.

19. The payments due UCal, as defined in the plan, including the operational payment and HIB payment have been paid.

20. All administrative expenses have been determined by the Court including the fee application for the sole professional employed by the Debtor, Kerkman & Dunn, and the approved amounts have been paid.

21. There are no remaining actions to be taken under the plan.

22. No further involvement by the Bankruptcy Court is needed to administer the Debtor's estate. The confirmed plan will control future actions of the Debtor.

**Conclusion**

For the reasons stated in this motion, the Debtor respectfully requests that the Court enter a final decree closing the Debtor's case.

Dated: February 2, 2026.

*/s/ Jerome R. Kerkman*
Jerome R. Kerkman
Kerkman & Dunn

Attorneys for the Debtor

Contact Information:

839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com