**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

**In re:**

| | |
|---|---|
| **NLC Energy Denmark LLC,**<br><br>**Debtor.** | **Case No. 25 – 24634-kmp**<br>**Chapter 11 Proceedings** |

---

**DECLARATION OF WELLES HATCH IN SUPPORT OF THE DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE CLOSING ITS CASE**

---

I, Welles Hatch, declare under 28 U.S.C. § 1746, that the following is true to the best of my knowledge, information and belief:

1. I am providing this declaration in my capacity as and based upon my knowledge as the Chief Financial Officer and Treasurer for NLC Energy Denmark LLC (the "Debtor").

2. The facts stated in this declaration are from my personal knowledge, the business records of the Debtor or within my knowledge as an officer of the Debtor.

3. After the Court entered the Order Confirming Prepackaged Plan of Reorganization as Modified on December 8, 2026, (ECF No. 97) (the "Confirmation Order" and as to the plan confirmed by it, the "Confirmed Plan"), the Debtor and Senior Secured Lenders (as that term is defined in the Confirmed Plan), finalized the documentation contemplated in Section 4.5 of the Confirmed Plan.

4. The completed documentation was completely executed by January 20, 2026, and the Debtor declared that the Effective Date of the Confirmed Plan had occurred on January 20, 2026. (ECF No. 113.)

5. Under Section 2.1 of the Confirmed Plan, the Debtor was required to pay administrative expenses.

6. The Debtor incurred professional fees related to its case with Kerkman & Dunn, the Debtor's general chapter 11 counsel. The Debtor has paid all fees and expenses approved by the order entered on January 16, 2026 (ECF No. 110). There are no other professionals that the Debtor retained during the case.

7. All other administrative expenses were incurred in the ordinary course of the Debtor's business and have been paid timely.

8. The Confirmed Plan, at Sections 2.2 and 4.3, requires that Priority Claims and Trade Claims (as defined in the Confirmed Plan) are to be paid as due under the applicable non-bankruptcy law. Priority and Trade Claims are unimpaired under the Plan. The Debtor is current on all obligations to creditors holding Priority Claims and Trade Claims.

9. Under Sections 4.3(b) and 4.4(b) of the Plan, EEC Property Holdings LLC, the sole member of the Debtor, was required to fund the payment of Class 3 claims. The funding and payment of Class 3 claims, as stated in the Plan, occurred on January 28, 2026.

10. Under Section 4.3(d)(2) and (3) of the Plan, the Debtor was required to pay UCal (as defined in the Confirmed Plan), the Operational and HIB Payments (as defined in the Confirmed Plan). These payments have been made to UCal.

11. Under Section 4.3(d)(4) of the Plan, the Debtor and UCal were required to reconcile the receivable from UCal. That has occurred.

12. The Debtor is current with its obligations for U.S. Trustee fees as required by Section 6.11 of the Plan. The Debtor will owe U.S. Trustee fees throughout the closing of the case. The Debtor will promptly pay those fees as they become due.

13. To my knowledge, there are no remaining or pending motions or contested matter relating to the Debtor's case and no remaining actions to be taken under the Confirmed Plan that require involvement of the Court.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

Dated: February 2, 2026.

*/s/ Welles C. Hatch*
Welles C. Hatch

Drafted by:

Jerome R. Kerkman
Kerkman & Dunn
839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com